**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| THIRTEEN INVESTMENT COMPANY, INC.   ) | |
|   ) | |
| Plaintiff,   ) | |
|   ) | Case No. 19-CV-04630 |
| FOREMOST INSURANCE COMPANY   ) | |
| GRAND RAPIDS, MICHIGAN,   ) | |
|   ) | |
| Defendant.   ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes Defendant, Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), by and through the undersigned counsel and answering Plaintiff Thirteen Investment Company, Inc.'s Complaint for Declaratory Judgment, states as follows:

## INTRODUCTION – PARTIES AND VENUE

1. This is an action for breach of contract of insurance and for declaratory relief establishing the coverage obligations of Foremost to its insured property as a result of a fire that caused extensive damage at a premises located at 3634 Euclid Avenue, Berwyn, Illinois. Foremost has failed to fulfill its coverage obligation to the Plaintiff with respect to the Plaintiff's losses from this occurrence.

**ANSWER**: Defendant admits only that Plaintiff purports to state causes of action for breach of contract and for declaratory relief. Defendant denies all other and remaining allegations in Paragraph 1.

2. The Plaintiff's property was covered under an insurance policy issued by Foremost providing for coverage in the event of fire and resulting property damage.

**ANSWER**: Defendant admits that it issued an insurance policy to Plaintiff, effective from October 6, 2017 to October 6, 2018, which insured Plaintiff's interest in certain property located at 3634 Euclid Avenue in Berwyn, Illinois, against risk of direct, sudden and accidental physical loss caused by certain enumerated perils, including

1

fire, subject to all terms, conditions, limitations, and exclusions set forth in the Policy. To the extent the allegations in Paragraph 2 are inconsistent with the terms, conditions, limitations, and exclusions set forth in the Policy they are denied.

3.      Plaintiff has not received any proceeds covering Plaintiff's extensive covered losses.

**ANSWER**:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Accordingly, Foremost has breached its policy.

**ANSWER**:      Denied.

5.      3634 Euclid Ave, Berwyn, Illinois was a residence owned by the insured and covered by a policy of insurance issued by foremost at the time of the fire. ("the Insured Premises").

**ANSWER**:      Defendant admits only that it insured Plaintiff's interest in certain property located at 3634 Euclid Avenue in Berwyn, Illinois at the time of the fire. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6.      Upon information and belief, Defendant, Foremost, is an insurance company licensed to issue insurance in Illinois.

**ANSWER**:      Admitted.

7.      Venue is proper in this court because the policy was issued in Cook County, and insuring premises located in Chicago, Cook County, Illinois.

**ANSWER**:      Defendant admits only that the property at issue in this action is located in Cook County, Illinois. Defendant denies that the property at issue in this action is located in Chicago. Defendant denies as moot the allegation(s) in Paragraph 7 regarding venue as moot based on the removal of this action to the United States District Court for the Northern District of Illinois.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8.     Foremost issued a policy effective for the Insured Premises, bearing policy number 381-0091951419-01 ("the Policy").

**ANSWER**:    Defendant admits that it issued insurance policy no. 381-0091951419-01 to Plaintiff, effective from October 6, 2017 to October 6, 2018, which insured Plaintiff's interest in certain property located at 3634 Euclid Avenue in Berwyn, Illinois, subject to all the terms, conditions, limitations, and exclusions stated therein. To the extent the allegations in Paragraph 8 are inconsistent with the terms, conditions, limitations, and exclusions set forth in the Policy they are denied.

9.     The Declarations of the Foremost policy is attached as Exhibit A.

**ANSWER**:    Admitted.

10.    The policy provided that Foremost would pay Plaintiff for direct physical loss of or damage to the building, personal property, and other property caused by or resulting from and other property caused by or resulting from fire or any other covered cause of loss.

**ANSWER**:    Defendant admits only that it insured Plaintiff's interest in the dwelling, other structures, and certain personal property located therein, as described in the Declarations Page, against risk of direct, sudden and accidental physical loss caused by certain enumerated perils, including fire, subject to all terms, conditions, limitations, and exclusions set forth in the Policy. To the extent the allegations in Paragraph 10 are inconsistent with the terms, conditions, limitations, and exclusions set forth in the Policy they are denied.

11.    Plaintiff timely paid to Defendant or the Defendant's agent all monies necessary to satisfy all premiums.

**ANSWER**:    Defendant admits only that the premiums were paid for the Policy in effect at the time of the fire. To the extent Paragraph 11 contains other or additional allegations, those allegations are denied.

12.    On May 17, 2018, a fire occurred causing fire damage, smoke damage, water and other damage in the Insured property and Plaintiff gave Foremost notice of loss or damage and included a description of the property involved.

**ANSWER**:    Defendant admits only that on May 17, 2018 it was notified of loss or damage to the insured premises due to fire having occurred on or about May 16, 2018. To the

extent Paragraph 12 contains other or additional allegations, those allegations are denied.

13.     The Plaintiff gave Foremost a description of how, when, and where the loss of damage occurred.

**ANSWER**:     Admitted.

14.     Plaintiff caused reasonable steps to protect the covered property from further damage and kept the record of their expenses necessary to protect the covered property.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     The Plaintiff has fully cooperated with Foremost in the investigation or settlement of the claim.

**ANSWER**:     Foremost admits that Plaintiff cooperated sufficiently to allow Foremost to calculate and make payment of the amount due under the Foremost Policy as a result of the May 16, 2018 fire at 3634 Euclid Avenue in Berwyn, Illinois.  Any other allegations of paragraph 15 are denied.

16.     The Plaintiff has fully completed all conditions precedent to coverage under the insurance policy providing full cooperation and paying the entire premium due.

**ANSWER**:     Foremost admits that Plaintiff cooperated sufficiently to allow Foremost to calculate and make payment of the amount due under the Foremost Policy as a result of the May 16, 2018 fire at 3634 Euclid Avenue in Berwyn, Illinois.  Any other allegations of paragraph 16 are denied.

17.     At present, the Plaintiff has received no funds from Foremost.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     Upon information and belief, Foremost claims that it has made payments which payments were never received by its insured.

**ANSWER**:     Defendant admits that it has issued payments for the loss and damage caused by the fire in accordance with the terms of the Policy. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

## COUNT I – DECLARATORY JUDGMENT

19.     Plaintiff incorporates by reference paragraphs 1-18 as paragraph 19 herein as if fully set forth herein.

**ANSWER**:     Defendant incorporates by reference and realleges its answers to Paragraphs 1 through 18 as its answer to Paragraph 19.

20.     Plaintiff entered into an insurance policy with Foremost whereby Foremost assumed liability and paid for claims of damage or loss incurred by Plaintiff during the policy period set forth in the policy.

**ANSWER**:     Defendant admits that it issued an insurance policy to Plaintiff which insured Plaintiff's interest in certain property located at 3634 Euclid Avenue in Berwyn, Illinois, subject to all the terms, conditions, limitations, and exclusions stated therein. To the extent the allegations in Paragraph 20 are inconsistent with the terms, conditions, limitations, and exclusions set forth in the Policy they are denied.

21.     Foremost has not reached agreement with the Plaintiff on the amount of loss and has not paid any portion of the claim.

**ANSWER**:     Denied.

22.     Foremost's failure to pay is a breach of the contract.

**ANSWER**:     Denied.

23.     Foremost has failed to timely communicate with its insured, has failed to reserve its rights, and has waived any policy defenses.

**ANSWER**:     Denied.

24.     An actual case or controversy has arisen between the Plaintiff and Foremost involving property which Plaintiff owns and has an interest in, and the declarations sought would terminate a part or all of that controversy.

**ANSWER**:     Defendant denies the allegations of Paragraph 24.

Wherefore, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that the Complaint be dismissed with prejudice and with costs assessed against Plaintiff, and providing Defendant with such other and further relief as this Court deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     The Policy contains the following provision(s):

**Partial Loss Payment Method**

When a partial loss occurs, the amount we pay for loss to the dwelling will be the lowest of:

1.  The difference between the actual cash value of the dwelling immediately before the lossand its actual cash value immediately after the loss;

2.  The actual cash value of the damaged part of the dwelling at the time of the loss;

3.  The amount required to repair or replace the dwelling.

4.  The Amount of Insurance shown on the Declarations Page for the dwelling.

2.     Defendant's liability for loss or damage, if any, is subject to and limited by the foregoing provision(s) of the Policy.

### SECONDAFFIRMATIVE DEFENSE

3.     Defendant's liability, if any, for the loss and damage described in the complaint is subject to and limited by all applicable terms, conditions, exclusions, and limitations contained in the Policy.

Wherefore, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that the Complaint be dismissed with prejudice and with costs assessed against Plaintiff, and providing Defendant with such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,


By:      */s/ Michael L. Foran*
           Michael L. Foran
           Matthew P. Fortin
           FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
           222 North LaSalle Street, Suite 1400
           Chicago, Illinois 60601
           Tel: (312) 863-5000
           Fax: (312) 863-5099
           mforan@fgppr.com
           mfortin@fgppr.com

           *Attorney for Defendant*
           *Foremost Insurance Company Grand Rapids, Michigan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2019 I served the foregoing document via ECF on counsel for the Plaintiff:

John P. O'Malley
SCHUYLER ROCHE & CRISHAM P.C.
180 North Stetson Avenue, Suite 3000
Chicago, Illinois 60601
jomalley@srcattorneys.com


_/s/ Michael L. Foran_
Michael L. Foran
Matthew P. Fortin
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
mforan@fgppr.com
mfortin@fgppr.com

_Attorney for Defendant_
_Foremost Insurance Company Grand Rapids, Michigan_

8