UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

THIRTEEN INVESTMENT COMPANY
INC.

    Plaintiff,

v.

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN

    Defendant.

Case No.: 19-CV-04630

**FOREMOST'S MEMORANDUM OF LAW IN SUPPORT OF IT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES, the Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), by and through its undersigned counsel, and, pursuant to Fed. R. Civ. P. 56, and L.R. 56.1(a), submits this Memorandum of Law in Support of Foremost's Motion for Summary Judgment.

## INTRODUCTION

Plaintiff, Thirteen Investment Company, Inc. ("Thirteen"), brought this simple breach of contract claim disguised as an action for declaratory judgment against Foremost, alleging that Foremost failed to pay Thirteen for a May 17, 2018 fire loss under a policy of insurance Foremost issued to Thirteen. Foremost is entitled to summary judgment because there is no dispute that it paid Thirteen and Thirteen's public adjuster, Paramount Restoration Group, Inc. ("Paramount"), the full amount of the agreed fire damage to the insured property at 3634 Euclid Ave, Berwyn, IL. As a matter of contract law and the Uniform Commercial Code, Foremost satisfied any obligation

to Thirteen on account of the fire when it tendered full payment for the amount of the agreed fire damage by issuing two checks, one for $5,288.50 and one for $150,601.33 on June 14, 2018 and June 22, 2018, respectively payable to Thirteen and Paramount.

## STANDARD OF REVIEW

A court should grant summary judgment when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where a moving party presents unrebutted evidence entitling it to judgment as a matter of law, or the nonmoving party fails to support an essential element of the case, the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23; 106 S. Ct. 2548, 2552; 91 L.Ed. 2d 265, 322-3 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is material only if it would affect the outcome of the pending lawsuit. *Bunn v. Khoury Enterprises, Inc.* 753 F. 3d 676, 681 (7th Cir. 2014). Disputes over irrelevant or immaterial facts will not preclude summary judgment. *Montgomery v. American Airlines, Inc.,* 626 F. 3d 382, 389 (7th Cir. 2010).

## THE UNDISPUTED MATERIAL FACTS

Plaintiff Thirteen contracted with public adjusting firm Paramount to "assist in the preparation, presentation, negotiation, adjustment and settlement" of the claim Thirteen made to Foremost for fire damage to the property located at 3634 Euclid Avenue in Berwyn. (SOMF, ¶ 4). The contract Thirteen entered into with Paramount directed Foremost to include Paramount on "ALL" payments Foremost made on the claim. (SOMF, ¶ 3, and Exhibit 3, the public adjusting contract). Thirteen, through its contractually designated representative, Paramount, and Foremost

agreed on the amounts owed under the insurance policy for the fire damage to the contents and building. (SOMF, ¶ 7). Foremost then paid the agreed upon amounts by two checks, made payable to Thirteen and Paramount. (SOMF, ¶¶ 8 & 9, and Exhibits 4 and 5 to the SOMF). Paramount negotiated both checks at a currency exchange in Elmwood Park. (SOMF, ¶¶ 10 & 11).

    **I.    FOREMOST SATISFIED ANY CONTRACTUAL OBLIGATION TO THIRTEEN.**

        **a. Foremost Cannot be in Breach of Contract for Following Thirteen's Directions.**

Exhibit 3, the public adjusting contract Thirteen entered into with Paramount expressly provides that Paramount is Thirteen's agent and representative to "assist in the preparation, presentation, negotiation, adjustment and settlement" of Thirteen's insurance claim. That same agreement directed Foremost to include Paramount on "ALL" claim payments. This is consistent with Illinois' Public Adjuster Law, 215 ILCS 5/1501, which provides public adjusters are licensed to assist *insureds* with first party claims. 215 ILCS 5/1505 defines public adjuster as follows:

> "Public adjuster" means any person who, for compensation or any other thing of value on behalf of the insured:
>
> (i) acts or aids, solely in relation to first party claims arising under insurance contracts that insure the real or personal property of the insured, on behalf of an insured in adjusting a claim for loss or damage covered by an insurance contract;
>
> (ii) advertises for employment as a public adjuster of insurance claims or solicits business or represents himself or herself to the public as a public adjuster of first party insurance claims for losses or damages arising out of policies of insurance that insure real or personal property; or
>
> (iii) directly or indirectly solicits business, investigates or adjusts losses, or advises an insured about first party claims for losses or damages arising out of policies of insurance that insure real or personal property for another person engaged in the business of adjusting losses or damages covered by an insurance policy for the insured. 215 ILCS 5/1510.

215 ILCS 5/1575(b) authorizes a public adjusting contract to "specify that the public adjuster shall be named as a co-payee on an insurer's payment of a claim." Illinois law also recognizes that public adjuster contracts requiring an insurer to name a public adjuster on claim payments are valid and enforceable. *Golub & Associates, Inc. v. State Farm Fire & Casualty Company,* 406 Ill. App. 3d 1195, 1198, 943 N.E. 2d 95, 97 (5th Dist. 2011) and *Heritage/Pullman Bank & Trust Company v. State Farm Fire & Casualty Company,* 104 Ill. App. 3d 1058, 1060, 433 N.E. 2d 1034, 1035-1036 (1st Dist. 1982).

Thirteen freely entered into the contract and allowed Paramount to act on its behalf in negotiating, adjusting and settling Thirteen's claims to Foremost resulting from the fire. Foremost issued the payments for the claim as required by the policy and the terms of the public adjuster contract, as authorized by statute, that Thirteen voluntarily entered into with Paramount. Having performed its obligation to tender payment, Foremost cannot be found to be in breach of its contract with Thirteen, as a matter of law.

Thirteen is a corporation. As artificial entities created by the law, corporations can only act through their agents. *Downtown Disposal Services, Inc. v. City of Chicago,* 2012 IL 112040 ¶ 17, 979 N.E. 2d 50 (2012). The President of a corporation, like Thirteen's Michael Starzec, is presumed to have authority to enter into contracts to carry out the regular business of the corporation. *NECA-IBEW Rockford Local Union 364 Health and Welfare Fund v. A&A Drug Company,* 736 F. 3d 1054, 1059 (7th Cir. 2013). When Starzec entered into a contract with Paramount to "assist in the preparation, presentation, negotiation, adjustment and settlement" of Thirteen's insurance claim with Foremost, Thirteen granted express authority to Paramount to do just that in its dealings with Foremost. *Warciak v. Subway Restaurants, Inc.,* 949 F. 3d 354, 357 (7th Cir. 2020) and *Moore v. Charter Communications,* 523 F. Supp. 3d 1046 (N.D. Ill. 2020).

A valid breach of contract claim requires Plaintiff to prove 4 things: 1) a valid and enforceable contract; 2) performance by plaintiff; 3) a breach of the contract by defendant; and 4) damages to plaintiff resulting from defendant's breach of the contract. *Coghlan v. Beck,* 2013 IL App (1st) 120891 ¶ 27, 984 N.E. 2d 132, 143 (2013). Foremost acknowledges the insurance policy was valid and that Plaintiff performed by paying the premium for the insurance to Foremost. Thirteen, however, cannot establish the essential element of a breach by Foremost. That is because Thirteen, through its President, appointed Paramount as its agent with the express authority to "assist in the preparation, presentation, negotiation, adjustment and settlement" of Thirteen's insurance claim" and directing Foremost to include Paramount on "ALL" claim payments. The undisputed facts show Foremost worked with Paramount to agree on the amount due under the insurance policy for damage to the contents and building and then issued checks for those amounts naming Thirteen and Paramount. A plaintiff cannot establish a breach of contract when the evidence shows defendant did exactly what plaintiff authorized defendant to do.

Thirteen's claims that it never received the money from Foremost's payments, but that allegation alone does not establish that Foremost breached the contract. Thirteen may, subject to proof, have claims against Paramount for forging Thirteen's endorsement and converting the funds received or against the Elmwood Park currency exchange for paying out on Foremost's checks over forged endorsements. While Thirteen's refusal to pursue those potential remedies remains a mystery, it is a mystery that need not be solved to conclude Foremost is entitled to summary judgment in this matter. Without a breach of contract Plaintiff's claim cannot stand.

  b.  **The Uniform Commercial Code Requires Judgment in Favor of Foremost**

The Uniform Commercial Code (810 ILCS 5/3-101 *et seq.* ("UCC"), establishes that Thirteen has no valid claims against Foremost. When Foremost tendered the Contents Check and

the Building Check to Paramount, Foremost's obligations to Thirteen Investment were suspended pursuant to 810 ILCS 5/3-310(b). The suspension continued until such time as the check was either discharged through payment or dishonored under 810 ILCS 5/3-310(b)(1).

There is no dispute that the checks were paid to Paramount. It is the uncontroverted testimony of Paramount's Vincent Bertuca that Paramount exchanged both checks for cashier's checks at the Elmwood Park currency exchange (SOMF, ¶¶ 10-11). Starzec does not challenge that Paramount received and negotiated the check, in fact, Starzec stated, and Bertuca admitted, that Paramount had Thirteen's money (SOMF ¶ 12). Paramount states that it affixed Thirteen's endorsement to the checks under its authority as Thirteen Investment's agent and with the permission of Thirteen's principal pursuant to 810 ILCS 5/3-110(c)(2)(ii). If that is the case, Foremost's obligation was simply discharged by proper payment.

However, even improper payment discharges Foremost's obligation. In *Affiliated Health Group, Ltd. v. Devon Bank*, 2016 IL App (1st) 152685, 58 N.E.3d 772, 89 UCC Rep.Serv.2d 1324, (2016), plaintiffs, two doctors and the various medical groups they were a part of over the course of 20 years, sued three health insurers, among others, for payments made by the insurers, but fraudulently negotiated by the doctor's employees. The employees set up entities with names similar those of the medical groups and opened accounts for those entities at Devon Bank, depositing the health insurers' checks meant for their employers in those accounts. The Circuit Court dismissed plaintiffs' claims against the insurers with prejudice, finding the insurers' obligations to plaintiffs were discharged when the checks were negotiated, even though the checks were fraudulently negotiated. The Illinois the Appellate Court affirmed, stating, "we agree with the Insurers that because the drafts were accepted by the banks, the Insurers' obligation to pay for the medical services performed by Affiliated was discharged." *Id.* at 516, 777, ¶20.

Thirteen claims that its endorsement of the checks was forged, and no proper payment was made. As in *Affiliated Health,* the fact that the endorsements may have been fraudulent does not change the fact that Foremost's obligations to Thirteen were discharged when the checks were negotiated. *Parkway Bank and Trust Co. v. State Farm Fire and Cas Co.,* 2013 IL App (1st) 122387, 990 N.E.2d 1202 (2013) is even more similar to this case. Like this case, *Parkway* involved a fire insurance claim. Like this case, the insured party signed an agreement, this time with a contractor, directing the insurer to include the contractor on claim payment checks. Like this case, the insurer issued two claim payment checks. The checks were made payable to the insureds, the contractor and the mortgagee. The contractor allegedly forged the endorsement of the insureds and mortgagee on the claim payment checks. State Farm refused to reissue the claim checks and the mortgagee sued. The trial court granted summary judgment in favor of State Farm.

The Illinois Appellate Court affirmed, holding that the mortgagee had no remedy against State Farm because State Farm's obligations to it had been suspended and the mortgagee's proper claim was for conversion against the bank that paid the check over a forged endorsement. *Parkway Bank and Trust Co.,* 2013 IL App (1st) 122387 at ¶14.

Here, the Contents check was made out to Thirteen and Paramount and could not be properly paid without endorsements from both parties pursuant to 810 ILCS 5/3-110(d). The Building Check was made out to Thirteen, Paramount, & BSI (a mortgagee), and could not be properly paid without endorsements from all three parties. *Id*. While Thirteen Investment can pursue relief against the Elmwood Park currency exchange, for improper payment of a joint payee check under 810 ILCS 5/3-420, or Paramount for enforcement of a lost, destroyed, or stolen instrument under 810 ILCS 5/3-309, Illinois law is clear that requiring Foremost to pay the

obligation a second time is not permitted under the clear language of Illinois's Uniform Commercial Code.

Whatever happened to the money after Foremost's checks were negotiated is immaterial to Thirteen's claim against Foremost. If the checks were properly endorsed by Paramount as Thirteen's authorized agent, then Foremost's obligations are clearly discharged. Even if the checks were fraudulently endorsed, however, it is clear from the holdings in *Affiliated Health* and *Parkway Bank & Trust* that Foremost's obligations to Thirteen are still discharged.

WHEREFORE, the Defendant, FOREMOST INSURANCE COMPANY, respectfully moves this Court to grant this Motion for Summary Judgment and enter judgment in its favor and against Plaintiff and for such other and further relief as the Court deems just and proper.

DATED October 22, 2021

Respectfully submitted,

*/s/ Matthew R. Carlyon*
Michael L. Foran (mforan@fgppr.com)
Matthew R. Carlyon (Mcarlyon@fgppr.com)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000; Fax: (312) 863-5099
Firm ID 38567
Attorneys for Defendant
*Foremost Insurance Company*

## CERTIFICATE OF SERVICE

On October 22, 2021, the undersigned caused to be served a copy of the appended document on all counsel of record via the Court's electronic notification system, CM/ECF.

<u>/s/ <i>Matthew R. Carlyon</i></u><br>
Matthew R. Carlyon