IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THIRTEEN INVESTMENT COMPANY,
INC.,

                          Plaintiff,

          v.

FOREMOST INSURANCE COMPANY,
GRAND RAPIDS, MICHIGAN,

                    Defendant.

Case No. 19 C 4630

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

According to the Complaint filed in this case, Plaintiff Thirteen Investment Company, Inc. is seeking a declaratory judgment to obtain a declaration that the Defendant insurance company is obligated to provide coverage for certain losses at the insured building resulting from a fire. (Compl. ¶¶ 19—24, Not. of Remand, Ex. A, Dkt. No. 1-1.) Defendant Foremost Insurance Company Grand Rapids, Michigan, does not deny that the fire loss was covered by its policy of insurance, rather it contends that it and Plaintiff agreed to the amount of the covered loss, which was paid by it through checks payable to Plaintiff and its designated agent, a public adjuster. Foremost has moved for summary judgment.

## I. BACKGROUND

On October 6, 2017, Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost" or "Defendant"), issued a

policy of insurance to cover the interest of Plaintiff, Thirteen Investment Company, Inc. ("Thirteen" or "Plaintiff"), in certain real estate located in Berwyn, Illinois. (Def.'s Resp. to Pl.'s Stmt. of Facts ("DSOF") ¶ 1, Dkt. No. 36.) The policy provided coverage for fire losses to covered buildings. Michael Stanzec ("Stanzec") is President of Thirteen. (Pl.'s Resp. to Def.'s Stmt. of Facts ("PSOF") ¶ 2, Dkt. No. 33.)

On May 16, 2018, during the term of the policy, Thirteen suffered a fire loss to its Berwyn building. (*Id.* ¶ 3.) On May 17, 2018, Starzec, on behalf of Thirteen, executed a written contract with Paramount Restorations, Inc. ("Paramount"), for the latter to act as its agent and representative "to assist in the preparation, presentation, negotiation, adjustment and settlement" of its fire loss with Foremost. (*Id.* ¶ 4.) In return Thirteen agreed to pay Paramount ten percent of the total adjusted claim (unless it was retained to do the restoration work). (Starzec Dep. 26:7—20, Def.'s Stmt. of Facts, Ex. 2, Dkt. No. 28-3.) Illinois law establishes the position of public adjuster and provides for its regulation. 215 ILCS 5/1501 *et seq.* The statute provides, *inter alia,* for the compensation of the public adjuster to be paid out of the settlement proceeds and, to protect the public adjuster's fee, the statute provides for the public adjuster be made a co-payee on any insurance settlement check issued as a result of a settlement negotiated by the public adjuster. 215 ILCS 5/1575(b).

- 2 -

Subsequent to the execution of this agreement, Paramount negotiated the fire loss and as a result received two checks from Foremost, one in the amount of $5,288.50 for contents, and a second one in the amount of $150,601.33 for damage to the building. (PSOF ¶ 7.) The payees listed on each of the checks were Thirteen, Paramount, and Thirteen's mortgagee, BSI Financial Services. (*Id.* ¶¶ 8—9.) Paramount endorsed the names of all three payees on the checks and proceeded to negotiate the checks at a Currency Exchange, and in return received an equivalent in money orders, which it cashed. (*Id.* ¶¶ 10—11.) Whether Paramount had authority to endorse the checks on Thirteen's behalf is disputed. (DSOF ¶ 16.) However, it is not disputed that none of the proceeds was paid to Thirteen. (*Id.* ¶ 15.) It is Thirteen's position, as Stanzec testified at his deposition, that Foremost's adjuster assured him that the proceeds would be paid out as a draw after inspection was performed on the restoration work. (*Id.* ¶ 10.) As this did not happen, apparently Paramount absconded with the proceeds. Foremost denies that it gave any such assurance. (*Id.*)

## II. **DISCUSSION**

Foremost's argument is straight forward: it negotiated and agreed amount for the fire loss and accordingly issued settlement checks in the agreed amount payable to the appropriate payees as required and turned them over to Thirteen's agent Paramount for distribution, and these settlement checks were negotiated and

paid. This is what it agreed to do under its policy of insurance. It is therefore entitled to summary judgment.

Thirteen's opposition argument is twofold: First, it contends that Foremost failed to allege payment as an affirmative defense in its Answer to the Complaint, and therefore this defense is waived. Second, it contends that it had an agreement with Foremost's adjuster that payments would be made by draw based on the value of the work performed to the date of a payment and Foremost failed to do so. This breach allowed Paramount to abscond with the settlement proceeds.

Thirteen's positions present numerous difficulties. It does not deny that Foremost paid the agreed amount in settlement of its fire loss. Its waiver argument fails because Thirteen's Complaint seeks a declaratory judgment to establish insurance coverage and not for breach of contract. Foremost's acknowledgement of coverage should moot the Complaint. However, instead of seeking a declaration of insurance coverage and in spite of what its Complaint says, Thirteen now claims that it had an unwritten side agreement with Foremost made by its adjuster to monitor the restoration work performed by Paramount, similar to the monitoring usually performed by an architect. There are several problems with this contention: first, Thirteen did not allege the existence of this separate, unwritten side agreement in its Complaint. It instead sued Foremost on the insurance policy that Foremost issued

- 4 -

to it. Moreover, the policy contained a provision which provided that the only way the insurance policy could be changed, "is if we change it in writing, which will be made a part of the policy." (Ins. Policy at 10, Def.'s Stmt. of Facts, Ex. A, Dkt. No. 28-1.) The written text of the insurance policy in question does not provide for Foremost overseeing the restoration work. An insurance adjuster cannot change the terms of the policy on his own by making an oral promise. Second, it is also true, as Foremost points out, there is no separate consideration for such an undertaking. All contracts must satisfy the essentials being offer, acceptance, and consideration. *Nobel, Inc. v. Mid-City National Bank,* 769 N.E.2d 45, 50—51 (Ill. App. Ct. 2002). In summary, the insurance contract by its terms could not be amended by an oral promise, and an oral promise to be enforceable must have consideration.

Foremost also argues that it is protected under Section 3-310, of the Illinois Commercial Code (810 ILCS 5/3-101 et seq.), from being sued under the insurance contract after having made payment. Under this provision, once an instrument is taken and negotiated, the underlying obligation is discharged, and the payee may not sue the payor under the original agreement. Thus, the risk of a forged endorsement is on the payee or the bank that negotiated the instrument. *Kasongo v. American General Life Ins. Co.*, 479 F. Supp. 3d 754, 761 (N.D. Ill. 2020). The loss in this case was caused by the apparent illegal forgery of Thirteen's endorsement by the

public adjuster. The Illinois Public Adjustor Act requires that the public adjuster be bonded. Whether Paramount was bonded or not does not appear in the record. However, because Thirteen has not shown that there is an issue of fact as to whether Foremost has failed to comply with its obligation assumed by the issuance of its policy of insurance, it is entitled to summary judgment.

## IIAI.   CONCLUSION

For the reasons stated Foremost's Motion for Summary Judgment is granted.


**IT IS SO ORDERED.**


_____
     Harry D. Leinenweber, Judge
     United States District Court

Dated: 6/8/2022